IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF LAKE, and DEPUTY CRAIG SOMERVILLE, in his individual and official capacity, <br><br> Defendants | Case No.: |

## COMPLAINT AT LAW

NOW COMES the plaintiff, ROBERT HUNTER, JR., by and through his attorneys, O'CONNOR LAW FIRM, LTD., and for his complaint at law against the defendants, COUNTY OF LAKE, and DEPUTY CRAIG SOMERVILLE, in his individual and official capacity, alleges as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the defendants' tortious conduct and their deprivation of plaintiff's rights secured by the U.S. Constitution.

2. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district, and the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## PARTIES

4. Plaintiff, ROBERT HUNTER, JR., is a resident of the Village of Cary, County of McHenry, and State of Illinois.

5. Defendant, COUNTY OF LAKE, is an Illinois municipal corporation that is or was the employer of the individual sheriff officer named as a defendant herein. At all relevant times, the aforementioned sheriff officer acted as a duly authorized agent of COUNTY OF LAKE. Furthermore, defendant, COUNTY OF LAKE, is a necessary party and is ultimately responsible for judgment.

6. At all relevant times, defendant, DEPUTY CRAIG SOMERVILLE (hereinafter "DEPUTY SOMERVILLE"), was an employee and/or duly authorized agent of the COUNTY OF LAKE, and was acting in the course and scope of his employment.

7. At all relevant times, DEPUTY SOMERVILLE, was assigned to the K-9 unit and/or the handler of K-9 named Diesel.

8. At all relevant times, DEPUTY SOMERVILLE, was acting under the color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF LAKE. DEPUTY SOMERVILLE is being sued in his individual and official capacity.

## GENERAL ALLEGATIONS

9. On or about April 8, 2020, and at all times relevant, sheriff officers from COUNTY OF LAKE were dispatched to 34740 N. Iroquois Trail in the City of

McHenry, County of Lake, State of Illinois for an alleged criminal trespass in progress complaint.

10. On or about April 8, 2020, plaintiff, ROBERT HUNTER, JR., was present at the aforementioned residence when sheriff officers from COUNTY OF LAKE arrived.

11. On or about April 8, 2020, and at all times relevant, defendant, DEPUTY SOMERVILLE, as the actual and/or apparent agent, employee, and/or servant of the defendant, COUNTY OF LAKE, along with K-9 Diesel, responded to 34740 N. Iroquois Trail in the City of McHenry, County of Lake, State of Illinois for a criminal trespass in progress complaint.

12. On or about April 8, 2020, and at all times relevant, defendant, DEPUTY SOMERVILLE, and K-9 Diesel, gained entry into the abovementioned residence, and followed after the plaintiff, ROBERT HUNTER, JR., into the basement.

13. On or about April 8, 2020, and at all times relevant, plaintiff, ROBERT HUNTER, JR., locked himself in the basement bathroom.

14. At all relevant times, defendant, DEPUTY SOMERVILLE, was yelling for plaintiff, ROBERT HUNTER, JR., to surrender and that he will get bit. All the while, plaintiff, ROBERT HUNTER, JR., kept responding that he surrenders, and he does not want to get bit.

15. At all relevant times, defendant, DEPUTY SOMERVILLE, broke down the bathroom door and made entry to the locked bathroom.

16. At the aforementioned time and place, defendant, DEPUTY SOMERVILLE, deployed K-9 Diesel into the bathroom, whereafter K-9 Diesel located and bit plaintiff, ROBERT HUNTER, JR.

17. At the aforementioned time and place, plaintiff, ROBERT HUNTER, JR., was dragged by defendant, DEPUTY SOMERVILLE, from the bathtub onto the bathroom floor while K-9 Diesel continued to bite the plaintiff, ROBERT HUNTER, JR., all while plaintiff kept yelling "I surrender."

18. Subsequently, while face down on the bathroom floor, and being handcuffed, plaintiff, ROBERT HUNTER, JR., was again bit by K-9 Diesel.

19. At the aforementioned time and place, defendant, DEPUTY SOMERVILLE, heard plaintiff, ROBERT HUNTER, JR.'s pleading for K-9 Diesel to stop attacking him, yet, defendant, DEPUTY SOMERVILLE, failed to intervene and/or protect plaintiff, ROBERT HUNTER, JR., from the excessive force being used and/or failed to give a command to K-9 Diesel to stop it from biting plaintiff, ROBERT HUNTER, JR. after he had surrendered, and/or failed to properly train K-9 Diesel to stop from attacking when an individual, such as plaintiff, has surrendered.

20. At the aforementioned time and place, defendant, DEPUTY SOMERVILLE, failed to properly maintain control over K-9 Diesel to prevent the attack upon plaintiff, ROBERT HUNTER, JR.

21. At the aforementioned time and place, plaintiff, ROBERT HUNTER, JR., was not combative or a danger to defendant, DEPUTY SOMERVILLE, K-9 Diesel, or other sheriff officers.

## COUNT I
### 42 U.S.C. § 1983 – Excessive Force v. Deputy Somerville

22. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint, as and for paragraph 22 of this Count I as though fully stated herein.

23. On or about April 8, 2020, defendant, DEPUTY SOMERVILLE, and K-9 Diesel's actions, while acting under the color of law, amounted to unnecessary and excessive force to the person of the plaintiff, ROBERT HUNTER, JR., when there were no reasonable grounds to do so.

24. On or about April 8, 2020, plaintiff, ROBERT HUNTER, JR.'s actions did not justify the use of unnecessary and excessive force by defendant, DEPUTY SOMERVILLE, and K-9 Diesel.

25. Defendant, DEPUTY SOMERVILLE's actions were malicious, willful and wanton, and constituted a reckless and deliberate indifference to plaintiff, ROBERT HUNTER, JR.'s constitutionally protected rights, while acting under the color of law.

26. As a direct and proximate result of the aforementioned actions and/or omission of defendant, DEPUTY SOMERVILLE, and K-9 Diesel, the plaintiff, ROBERT HUNTER, JR., was deprived of the rights, privileges, and immunities

guaranteed by the Fourth Amendment and/or Fourteenth Amendment of the United States Constitution, namely he was subjected to an unreasonable use of force.

27. In addition, as a direct and proximate result of the aforementioned actions and/or omission of defendant, DEPUTY SOMERVILLE, and K-9 Diesel, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, plaintiff, ROBERT HUNTER, JR., demands compensatory damages, from the defendants, COUNTY OF LAKE, and DEPUTY SOMERVILLE. Plaintiff, ROBERT HUNTER, JR., demands judgment against both defendants jointly and severally and further demand punitive damages, costs and attorney fees against the defendant, DEPUTY SOMERVILLE, and any additional relief this Court deems equitable and just.

## COUNT II
**Willful and Wanton Conduct (State Law Claim) v. Deputy Somerville**

28. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint as paragraph 28 of Count II as though fully set forth herein.

29. Defendant, DEPUTY SOMERVILLE, individually, and as agent, employee, and/or servant of COUNTY OF LAKE, had a duty to refrain from willful and wanton conduct.

30. At all relevant times, plaintiff, ROBERT HUNTER, JR., exercised ordinary care for his own safety.

31. On April 8, 2020, defendant, DEPUTY SOMERVILLE, and K-9 Diesel, acted with reckless disregard and/or willful and wanton conduct, and showed an utter indifference as to the safety of the plaintiff, ROBERT HUNTER, JR., when he did not control and/or stop K-9 Diesel from again attacking and/or biting the plaintiff while he was face down on the bathroom floor being handcuffed.

32. As a direct and proximate result of the acts and omissions of the defendant, DEPUTY SOMERVILLE, individually and/or as agent, employee, servant of COUNTY OF LAKE, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, DEPUTY SOMERVILLE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT III
### Willful and Wanton Conduct (State Law Claim) v. County of Lake

33. Plaintiff, ROBERT HUNTER, JR., adopts and realleges paragraphs 1 through 21 of this complaint as and for paragraphs 33 of Count III as though fully stated herein.

34. Defendant, COUNTY OF LAKE, by and through its agent, employee, and servant, DEPUTY SOMERVILLE, had a duty to refrain from willful and wanton conduct.

35. At all relevant times, plaintiff, ROBERT HUNTER, JR., exercised ordinary care for his own safety.

36. On April 8, 2020, defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and servant, DEPUTY SOMERVILLE, and K-9 Diesel, acted with reckless disregard and/or willful and wanton conduct, and showed an utter indifference as to the safety of the plaintiff, ROBERT HUNTER, JR., when DEPUTY SOMERVILLE did not control and/or stop K-9 Diesel from again biting the plaintiff while he was face down on the bathroom floor.

37. As a direct and proximate result of the acts and/or omissions of the defendant, COUNTY OF LAKE, individually and/or by and through agent, employee, and servant DEPUTY SOMERVILLE, and K-9 Diesel, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented

from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, COUNTY OF LAKE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT IV
### Battery (State Law Claim) v. Deputy Somerville

38. Plaintiff, ROBERT HUNTER, JR., adopts and realleges paragraphs 1 through 21 of this complaint as and for paragraphs 38 of Count IV as though fully stated herein.

39. Defendant, DEPUTY SOMERVILLE, individually and/or as agent, employee and/or servant of COUNTY OF LAKE, intentionally and/or knowingly did not stop K-9 Diesel from biting plaintiff, ROBERT HUNTER, JR., while he was face down on the bathroom floor being handcuffed.

40. As a direct and proximate result of the acts and omissions of the defendant, DEPUTY SOMERVILLE, individually and/or as agent, employee, and/or servant of COUNTY OF LAKE, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs.

Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, DEPUTY SOMERVILLE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT V
### Negligence (State Law Claim) v. Deputy Somerville

41. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint as paragraphs 41 of Count V as though fully set forth herein.

42. At all relevant times, defendant, DEPUTY SOMERVILLE, had a duty to exercise reasonable care during his interaction with plaintiff, ROBERT HUNTER, JR., including but not limited to protection from unreasonable and excessive and bodily injury.

43. Notwithstanding those duties, defendant, DEPUTY SOMERVILLE, engaged in one or more of the following negligent activities:

   a. Failed to properly train K-9 Diesel to not attack individuals without a direct command, to not attach individuals who are not resisting or posing a direct threat, and/or otherwise to properly train;

   b. Failed to maintain control over K-9 Diesel;

   c. Failed to prevent K-9 Diesel from attacking plaintiff, ROBERT HUNTER, JR.; and/or

   d. Failed to timely intervene when he heard plaintiff, ROBERT HUNTER, JR., pleading for K-9 Diesel to stop biting him when he was face down on the bathroom floor being handcuffed.

44. The aforesaid actions of the defendant, DEPUTY SOMERVILLE, amounted to excessive use of force onto the person of plaintiff, ROBERT HUNTER, JR., when there were no reasonable grounds to do so.

45. The above-mentioned acts of defendant, DEPUTY SOMERVILLE, caused plaintiff, ROBERT HUNTER, JR., to suffer personal injuries of severe and permanent nature, and to incur medical expenses in endeavoring to be healed and cured of said injuries.

46. As a direct and proximate result of the acts and omissions of the defendant, DEPUTY SOMERVILLE, individually and/or as agent, employee, and/or servant of COUNTY OF LAKE, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, DEPUTY SOMERVILLE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT VI
### Negligence (State Law Claim) v. County of Lake

47. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint as paragraph 47 of Count VI as though fully set forth herein.

48. At all relevant times, defendant, COUNTY OF LAKE, had a duty to exercise reasonable care in hiring law enforcement officers, and had a duty to properly train, supervise, and discipline law enforcement officers in relation to their duties, including the duties to properly train and/or control police dogs.

49. At all relevant times, defendant, DEPUTY SOMERVILLE, was an employee and/or duly authorized agent of the COUNTY OF LAKE, and was acting in the course and scope of his employment.

50. At all relevant times, defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and/or servant, DEPUTY SOMERVILLE, had a duty to exercise reasonable care during his interaction with plaintiff, ROBERT HUNTER, JR., including but not limited to protection from unreasonable and excessive and bodily injury.

51. Notwithstanding those duties, defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and/or servant, DEPUTY SOMERVILLE, engaged in one or more of the following negligent activities:

   a. Failed to properly train K-9 Diesel to not attack individuals without a direct command, to not attach individuals who are not resisting or posing a direct threat, and/or otherwise to properly train;

   b. Failed to maintain control over K-9 Diesel;

   c. Failed to prevent K-9 Diesel from attacking plaintiff, ROBERT HUNTER, JR.; and/or

      d. Failed to timely intervene when he heard plaintiff, ROBERT HUNTER, JR., pleading for K-9 Diesel to stop biting him when he was face down on the bathroom floor being handcuffed.

52. The aforesaid actions of the defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and/or servant, DEPUTY SOMERVILLE, amounted to excessive use of force onto the person of plaintiff, ROBERT HUNTER, JR., when there were no reasonable grounds to do so.

53. The above-mentioned acts of defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and/or servant, DEPUTY SOMERVILLE, caused plaintiff, ROBERT HUNTER, JR., to suffer personal injuries of severe and permanent nature, and to incur medical expenses in endeavoring to be healed and cured of said injuries.

54. As a direct and proximate result of the acts and omissions of the defendant, COUNTY OF LAKE, individually and/or by and through its agent, employee, and/or servant, DEPUTY SOMERVILLE, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, COUNTY OF LAKE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT VII
### 510 ILCS 5/2.16 – Animal Control Act v. Deputy Somerville

55. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint as paragraph 55 of Count VII as though fully set forth herein.

56. At all relevant times, DEPUTY SOMERVILLE, owned, kept and/or harbored the police dog, K-9 Diesel, as part of his duties with the canine unit of the COUNTY OF LAKE as defined by Section 2.16 of the Illinois Animal Control Act, 510 ILCS 5/2.16.

57. At all relevant times, K-9 Diesel, was a police animal owned or used by COUNTY OF LAKE in the course of the department's work, as defined by Section 2.17b of the Illinois Animal Control Act, 510 ILCS 5/2.17b.

58. At all relevant times hereto, there was in full force and effect Section 16 of the Illinois Animal Control Act, 510 ILCS 5/16, which imposes liability on an owner, keeper or harborer of a dog that without provocation, attacks or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be.

59. At all relevant times hereto, plaintiff, ROBERT HUNTER, JR., was face down on the bathroom floor being handcuffed when the police dog, K-9 Diesel, again bit the plaintiff.

60. At all relevant times hereto, plaintiff, ROBERT HUNTER, JR., while face down on the bathroom floor being handcuffed, was peaceably conducting himself in that there was not probable cause to establish that he was about to commit a crime.

61. At all relevant times hereto, the actions taken by defendant, DEPUTY SOMERVILLE, and/or the police dog, K-9 Diesel, were taken without justification or provocation, and without the plaintiff, ROBERT HUNTER, JR.'s consent.

62. At all relevant times hereto, the defendant, DEPUTY SOMERVILLE's actions as owner, keeper and/or harborer of the police dog, K-9 Diesel, led Diesel to attack and/or injure the plaintiff, ROBERT HUNTER, JR., by doing the following:

   a. Releasing the police dog, Diesel, in an attempt to subdue the plaintiff, ROBERT HUNTER, JR., when such actions were unreasonable at the time;

   b. Allowing the police dog, Diesel, to attack, subdue, bite and/or otherwise engage and/or injure the plaintiff, ROBERT HUNTER, JR., at a time where plaintiff was already being handcuffed; and/or

   c. Otherwise allowed the police dog, Diesel, to attack, attempt to attack, bite, engage and/or injure the plaintiff, ROBERT HUNTER, JR.

63. As a direct and proximate result of the acts and omissions of the defendant, DEPUTY SOMERVILLE, individually and/or as agent, employee, and/or servant of COUNTY OF LAKE, the plaintiff, ROBERT HUNTER, JR., was injured and was thereby injured internally, externally and otherwise, both temporarily and permanently. Plaintiff thereby became sick, sore, lame diseased, and disordered and so remained for a long time. During this period, Plaintiff suffered or will suffer

great pain and was hindered and prevented from attending his business and affairs. Plaintiff was and/or will be thereby compelled to pay out, expend and/or become liable for large sums of money in and about endeavoring to be cured of his injuries.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., prays for judgment against the defendant, DEPUTY SOMERVILLE, in an amount in excess of $75,000.00, plus costs, and for any other relief the Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 – Indemnification Claim v. County of Lake

64. Plaintiff, ROBERT HUNTER, JR., adopts and re-alleges paragraphs 1 through 21 of this complaint as paragraph 64 of Count VIII as though fully set forth herein.

65. In the event that any individual Defendant is found liable for their actions performed in the course of their employment, the COUNTY OF LAKE, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, the plaintiff, ROBERT HUNTER, JR., individually demands that the COUNTY OF LAKE, pay for any compensatory judgment against individual defendants who acted in the course of their employment.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

**O'CONNOR LAW FIRM, LTD.**

/s/ Matthew M. Popp
Matthew M. Popp

**O'CONNOR LAW FIRM, LTD.**
19 South LaSalle Street, Suite 1400
Chicago, Illinois 60603
Phone: (312) 906-7609
Fax: (312) 263-1913
Matthew M. Popp (ARDC #6321315)
Kevin W. O'Connor (ARDC#6216627)
koconnorlaw@koconnorlaw.com
mpopp@koconnorlaw.com
firm@koconnorlaw.com